J-S09027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EARL HOUSE, | |
| Appellant | No. 1241 WDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002720-1999

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 13, 2015**

James Earl House appeals from the July 9, 2014 order finding him ineligible for PCRA relief and dismissing his petition.  We affirm.

The events giving rise to Appellant's underlying convictions occurred on April 7, 1999.

> Appellant was called by his cousin and asked to "take care of the dudes that I've been having problems with that broke my windows out."  In response, [A]ppellant, Markcail Williams, and two others confronted the victim, Eddie Outlaw, and his siblings. While Williams shot at and chased the victim's siblings, Appellant shot at and eventually hit the victim twice while the victim tried to escape.  The victim died as a result of the injuries.  A number of persons witnessed the incident.

***Commonwealth v. House***, 788 A.2d 1029 (Pa.Super. 2001) (unpublished memorandum at 1).

On March 31, 2000, a jury found Appellant guilty of first-degree murder, aggravated assault, carrying a firearm without a license, conspiracy to commit simple assault and possession of an instrument of crime. He was sentenced to a term of life imprisonment on the murder count, a consecutive term of five years imprisonment on the firearms charge, and a consecutive term of one to two years of imprisonment on the conspiracy conviction. At the time of the offenses, Appellant was a juvenile.

This Court affirmed the judgment of sentence on September 10, 2001, and Appellant did not seek allowance of appeal to the Supreme Court. Appellant filed a timely *pro se* PCRA petition on December 27, 2001, counsel was appointed, and counsel filed an amended petition. Relief was denied on October 25, 2002. Appellant filed three subsequent PCRA petitions that did not afford him relief. On July 11, 2012, Appellant filed the instant petition, his fifth. The court appointed counsel and counsel filed a supplemental petition for post-conviction relief. Shortly thereafter, Appellant sought and was granted a stay of the PCRA decision pending the outcome of a *certiorari* petition in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). Following denial of *certiorari* on June 9, 2014, the court lifted the stay and dismissed the petition. Appellant timely appealed. He raises one issue for our review:

> [I] Did the PCRA Court err in denying Mr. House's PCRA petition since Pennsylvania's Mandatory Life Without Parole Sentencing Scheme for Juvenile Offenders Convicted of Murder is Unconstitutional under the United States and Pennsylvania

Constitutions and Pursuant to **Miller**; and should the United States Supreme Court of Pennsylvania's decision in the case of **Commonwealth v. Cunningham**, apply retroactively to all cases on collateral review.

Appellant's brief at 1.

In reviewing the denial of PCRA relief, an appellate court examines "the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Freeland**, 2014 WL 6982658, *4 (Pa.Super. 2014).

Preliminarily, we must determine whether Appellant's PCRA petition is timely filed as it implicates our jurisdiction. **See Commonwealth v. Lawson**, 90 A.3d 1 (Pa.Super. 2014). In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the date when the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than ten years after his sentence became final, is patently untimely. However, there are three exceptions to the time-bar of the PCRA. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i-

iii). Any claim based on an exception to the time-bar must be filed within sixty days of the date it could have first been presented.

Appellant has not expressly invoked an exception to the PCRA's time bar. Even if we were to treat his reliance upon **Miller v. Alabama**, 132 S.Ct. 2455 (decided June 25, 2012), as a basis to circumvent the time-bar, he would not be entitled to relief. In **Miller**, the United States Supreme Court held that mandatory life sentences without parole for juveniles violated the Eighth Amendment. However, **Miller** does not function as a newly-recognized constitutional right for purposes of the timeliness exception in 42 Pa.C.S. § 9545(b)(1)(iii), because our High Court held in **Cunningham**, **supra**, that it did not apply retroactively. Thus, Appellant's petition is untimely and dismissal was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015

- 4 -