J-S14029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT JAMES STEVENS, | |
| Appellant | No. 1842 EDA 2014 |

Appeal from the PCRA Order of June 9, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000245-2010
and CP-45-CR-0000246-2010

BEFORE: DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 27, 2015**

Appellant, Robert James Stevens, appeals from the order entered on June 9, 2014 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We affirm.

This Court previously outlined the factual background of this case as follows:

> In the early morning hours of September 10, 2009, Complainant was at her home with her friend. Appellant arrived and became angry. Complainant told him that she was going to drive her friend home. As Complainant was driving her friend home, Appellant began following them in his own vehicle. Appellant used his vehicle to strike Complainant's vehicle and eventually forced her vehicle off the roadway. . . . Appellant was taken into custody in that case on January 10, 2010.
>
> Although Appellant was the subject of a temporary protection from abuse order restricting his contact with Complainant, he called her from jail and told her to post his bail. Complainant

refused. Appellant, however, managed to arrange his bail through a third party based on promises that he would repay the cost of his bail and post bail for a fellow inmate. Appellant was released from jail on January 14, 2010, on the condition that he have no contact with Complainant, but he went directly to Complainant's house. . . .

Appellant entered Complainant's home and began punching her in the face and head. He emptied Complainant's purse on the floor, took $400[.00] in cash, and forced her to write a personal check for $2,000[.00]. He then bound her with duct tape and went outside to deliver the cash and check to the individuals who had posted his bail. He returned to the home and continued to strike Complainant until she lost consciousness. Complainant stated that when she momentarily regained consciousness, she was on the floor of her living room and Appellant was having sexual intercourse with her.

Appellant then took Complainant to her father's truck, which she had been using after the September 10, 2009 incident, and placed her in the front passenger seat. Appellant drove the truck, but went off the roadway, struck a tree, and then careened into a mailbox of a residence. The owner of the residence came out to investigate the accident. Appellant approached him, told him that his dog was injured, and asked him for a ride. He dropped Appellant off at a nearby home and drove back to his own home.

Upon further investigation around his mailbox, the owner of the residence saw Complainant in the front passenger seat of her father's truck with her head leaning against the passenger side window. There was blood on the window and around her head. He went inside his home to have his wife call 911. By the time, he was ready to go back outside, Appellant had borrowed a second vehicle, picked up Complainant, and driven away from the scene of the accident.

Appellant rented a motel room, and on the morning of January 15, 2010, drove Complainant to the home of their mutual friends. Complainant went inside the residence, but was so bruised that their friends did not immediately recognize her. Appellant told them that she had been injured in a car accident. Complainant told one of the friends that Appellant had caused her injuries. The friend drove Complainant to a Pennsylvania

State Police barracks where she gave a statement implicating Appellant.

Meanwhile, the other friend arranged for Appellant to go to a cabin, but called the State Police when Appellant left his residence. The State Police ultimately stopped and captured Appellant as he was driving on State Route 33. When searching Complainant's home, investigators discovered ropes tied to the bedposts of Complainant's bed. Complainant stated those ropes were not on the bed prior to the assault and suggested Appellant may have had intercourse with her on the bed.

Appellant, after waiving his **Miranda**[1] rights, admitted that he had gone to Complainant's home after being released on bail. Appellant also stated that they had consensual sexual intercourse three times, that Complainant had been driving her father's truck at the time of the accident, and that she sustained her injuries in that accident.

**Commonwealth v. Stevens**, 69 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum), at 1-4 (certain footnote omitted).

The procedural history of this case is as follows. Appellant was charged via two criminal informations with criminal mischief,[2] aggravated assault,[3] kidnapping,[4] unauthorized use of a motor vehicle,[5] simple assault,[6]

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] 18 Pa.C.S.A. § 3304(a)(5).

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] 18 Pa.C.S.A. § 2901(a)(3).

[5] 18 Pa.C.S.A. § 3928(a).

[6] 18 Pa.C.S.A. § 2701(a).

making terroristic threats,[7] burglary,[8] trespassing,[9] sexual assault,[10] unlawful restraint,[11] robbery,[12] two counts of rape,[13] and two counts of recklessly endangering another person.[14] The two informations were consolidated for trial and, on November 2, 2010, Appellant was found guilty of all charges and was eventually sentenced to an aggregate term of 46 to 92 years' imprisonment. After post-sentence proceedings concluded, this Court affirmed the judgment of sentence. *Commonwealth v. Stevens*, 69 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum).

On July 24, 2013, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On March 21, 2014, an evidentiary hearing was held. On June 9, 2014, the PCRA court denied Appellant's PCRA petition. This timely appeal followed.[15]

---

[7] 18 Pa.C.S.A. § 2706(a)(1).

[8] 18 Pa.C.S.A. § 3502(a).

[9] 18 Pa.C.S.A. § 3503(a)(1)(i).

[10] 18 Pa.C.S.A. § 3124.1.

[11] 18 Pa.C.S.A. § 2902(a)(1).

[12] 18 Pa.C.S.A. § 3701(a)(1)(i).

[13] 18 Pa.C.S.A. § 3121.

[14] 18 Pa.C.S.A. § 2705.

[15] On July 3, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* *(Footnote Continued Next Page)*

Appellant presents one issue for our review:

> Whether the [PCRA c]ourt erred by finding that trial counsel's failure to file a pretrial [m]otion to [s]ever and a pre-trial [m]otion under Pennsylvania's Rape Shield Law did not amount to ineffective assistance of counsel which so undermined the truth determining process that no reliable adjudication of guilt or innocence took place[?]

Appellant's Brief at 4.

"[W]e review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

Appellant's lone claim on appeal is that his trial counsel rendered ineffective assistance. Our Supreme Court has explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.

*(Footnote Continued)*
Pa.R.A.P. 1925(b). On July 17, 2014, Appellant filed his concise statement. On August 6, 2014, the trial court issued a statement adopting its June 9, 2014 opinion. Appellant's lone issue on appeal was included in his concise statement.

> A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Appellant first argues that trial counsel was ineffective for failing to file a pre-trial motion to sever the two cases. We conclude that failure to seek severance did not prejudice Appellant. Appellant contends that the failure to sever the cases prejudiced him because it permitted details regarding the first incident to be admitted into evidence, thereby allowing the jury to infer that there was a motive for his commission of the crimes in the second incident. This argument, however, ignores Pennsylvania Rule of Evidence 404(b). That rules provides, in relevant part:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, **such as proving motive**, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.Evid. 404(b) (emphasis added).

In this case, Appellant's whole argument is that evidence of the first incident permitted the jury to infer that he had a motive for commission of

the second incident. This falls within the express terms of permissible uses of a prior bad act since proof of a motive is the first example listed in Rule 404(b). *See Commonwealth v. Hairston*, 84 A.3d 657, 669 (Pa. 2014) (prior bad act evidence admissible as it was used to prove motive); *Commonwealth v. Green*, 76 A.3d 575, 585 (Pa. Super. 2013), *appeal denied*, 87 A.3d 318 (Pa. 2014) (same); *Commonwealth v. Wholaver*, 989 A.2d 883, 897 (Pa. 2010) (same); *Commonwealth v. Malloy*, 856 A.2d 767, 775-776 (Pa. 2004) (same).

The probative value of the first incident also outweighed the potential for its unfair prejudice. The evidence was highly probative as it provided the full picture of Appellant's related crimes and why he went to Complainant's house and assaulted her. The evidence of the first incident did not have "a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially." *Parr v. Ford Motor Co.*, 2014 WL 7243152, *9 (Pa. Super. Dec. 22, 2014) (*en banc*) (internal quotation marks and citations omitted) (defining unfair prejudice). Instead, the evidence was merely adverse to Appellant's case – as is most evidence offered by the Commonwealth. Therefore, even if trial counsel had successfully had the two informations severed for trial, the first incident would have been admissible at the trial on the charges relating to

the second incident. Accordingly, Appellant was not prejudiced by trial counsel's failure to seek severance.[16]

Appellant next contends that his trial counsel was ineffective for failing to file a motion seeking permission to offer evidence of Complainant's prior consensual sexual encounters with Appellant. In particular, Appellant argues that he previously engaged in consensual bondage and rough sexual intercourse with Complainant. He contends that because Complainant alleged that she was restrained with ropes during one of the sexual assaults,

---

[16] It is for these same reasons that Appellant's underlying claim lacks arguable merit. As this Court has explained:

> Our Supreme Court has established a three part test . . . for deciding the issue of joinder versus severance of offenses from different informations. The court must determine whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Commonwealth v. Kunkle***, 79 A.3d 1173, 1190 (Pa. Super. 2013) (citation omitted).

As discussed above, the evidence of the first incident would have been admissible at the trial relating to the second incident and Appellant was not unduly prejudiced from the consolidation of the offenses. Finally, it was easy for the jury to separate the offenses because, as Appellant notes, the incidents were separated by both time and location. Therefore, Appellant's underlying claim lacks arguable merit.

this evidence of consensual bondage was highly relevant to the issue of consent.

Appellant's trial counsel attempted to cross-examine Complainant regarding her prior consensual bondage with Appellant. The Commonwealth objected on the basis that the evidence was irrelevant. *See* Pa.R.Evid. 401. The trial court sustained the objection and ruled the evidence irrelevant. On direct appeal, this Court held that the trial court erred by sustaining the objection based upon Rule 401. ***Commonwealth v. Stevens***, 69 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum), at 10-13. This Court, however, determined that the trial court should have sustained the objection based upon the Rape Shield Law because Appellant failed to file a written motion outlining his intention to cross-examine Complainant regarding their previous consensual bondage. ***Id.*** at 13.

> Under Pennsylvania's Rape Shield Law,
>
> (a) General rule. Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.
>
> (b) Evidentiary proceedings. A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an *in camera* hearing and shall make findings on the record as to the relevance and admissibility of the

> proposed evidence pursuant to the standards set forth in subsection (a).

18 Pa.C.S.A. § 3104.

We conclude that Appellant's underlying claim lacks arguable merit. The Commonwealth's theory of the case was not that Appellant tied up Complainant and then raped her while she was conscious. Instead, the Commonwealth's theory was that Appellant beat Complainant unconscious, restrained her with ropes, and then raped her. As this Court stated on Appellant's direct appeal, "it strains reason to believe that Appellant's proffer of prior consensual bondage was probative on the question of consent in light of the trial evidence that Appellant beat Complainant into a state of unconsciousness and then raped her." *Commonwealth v. Stevens*, 69 A.3d 1284 (Pa. Super. 2013) (unpublished memorandum), at 13 n.7. Therefore, even if trial counsel had filed a written motion seeking permission to cross-examine Complainant regarding the prior consensual bondage, the evidence would have been inadmissible under the Rape Shield Law.

Furthermore, Appellant has not proven actual prejudice as a result of trial counsel's failure to file a written motion pursuant to the Rape Shield Law. In addition to Complainant's testimony, there was substantial evidence of Appellant's guilt consistent with the Commonwealth's theory of the case and inconsistent with Appellant's story. Specifically, Complainant had head wounds consistent with blunt force trauma inflicted by Appellant and inconsistent with injuries suffered in a car accident. Appellant admitted to

police that he had engaged in sexual intercourse with Complainant during this time period, when an active protection from abuse order was in place. Thus, even if Appellant were permitted to cross-examine Complainant regarding their prior consensual bondage, there is no reasonable probability that the result of the trial would have been different. Accordingly, the trial court properly concluded that Appellant failed to prove that trial counsel was ineffective and, therefore, correctly denied the petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015