J-S48034-14

2014 PA Super 274

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEYON TYRELL FREELAND, | |
| Appellant | No. 1790 MDA 2013 |

Appeal from the PCRA Order September 25, 2013
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001946-2011

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.*

OPINION BY PLATT, J.:                               **FILED DECEMBER 11, 2014**

Appellant, Keyon Tyrell Freeland, appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Counsel has filed a **Turner**/**Finley** "no merit" letter and petitioned this Court for permission to withdraw.[1] Appellant filed a response to counsel's petition. Appellant has also filed a *pro se* brief. We grant counsel's petition and affirm the order denying PCRA relief.

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's conviction arose out of an incident on January 8, 2011, when he shot at Kyree Maxfield and Ja'Quinn Barnes, seriously wounding Maxfield, but missing Barnes. The attack was apparently in retaliation for the shooting of Appellant's friend, Ayon Coleman, at a party which Maxfield and Barnes had also attended earlier the same evening. After stopping Maxfield and Barnes on the street and questioning them, Appellant pulled out two guns and opened fire, saying, "Someone has to pay[.]" (N.T. Trial, 12/06/11, at 125; *see also id.* at 127).

Maxfield received four shots to his leg, two rupturing his femoral artery and femoral vein, as well as a gunshot wound to his left hand, apparently received as a defensive wound when he tried to shield his head from the barrage of bullets. (*See id.*, at 157-58). The attending trauma surgeon, Keith David Clancy, M.D., accepted without objection as an expert in trauma, surgery, and critical care, testified at trial that Maxfield would have died from bleeding or sepsis in the leg without immediate surgery. (*See id.*, at 154, 159, 160).

From his hospital bed, Maxfield identified Appellant as his assailant in a color photo array. Appellant's photo was apparently tinged in red. Nevertheless, at trial Maxfield denied that Appellant was the shooter, claiming he was shot by somebody from a local mall. (*See* N.T. Trial, 12/07/11, at 341-42).

A few days after the shooting, on January 12, 2011, police attempted to stop Appellant while he was driving a stolen vehicle without a license. He

fled. The police pursued him in a high speed chase. When he crashed the vehicle into a telephone pole, he tried to escape on foot. As Appellant ran, he dropped two handguns to the ground. The police video recorded the entire incident on the dashboard camera of their patrol car. The Commonwealth played the video for the jury at trial.

Shortly after the trial judge adjourned the court session, excused counsel and sent the jury to begin deliberations, the jury sent out a question, requesting to see a copy of the trial transcript. (*See* N.T. Trial, 12/08/11, at 426-27). The trial judge replied, without bringing counsel back, that the jury had to rely on its memory of the testimony. The judge subsequently explained this action on the record, with counsel present, and asked if either counsel had any objections or wanted to supplement the record. (*See id.*, at 427). Both declined. (*See id.*).

On December 8, 2011, a jury convicted Appellant of attempted homicide and related offenses. (*See id.*, at 431). Specifically, the jury convicted Appellant of the attempted homicide of Maxfield; aggravated assault (causing serious bodily injury) of Maxfield; and illegal possession of a firearm. The jury acquitted Appellant of the attempted homicide of Barnes, and aggravated assault (serious bodily injury) of Barnes.

On February 17, 2012, the court sentenced Appellant to an aggregate term of not less than fourteen nor more than twenty-eight years'

incarceration in a state correctional institution. Appellant filed a post-sentence motion which the trial court denied.

Appellant filed a direct appeal, challenging the sufficiency of the evidence for attempted homicide, the publication to the jury of the red-tinged color photo from the photo array "lineup" that he claimed depicted injuries to his face (which he argued gave him the image of a propensity for violence), and the trial court's admission of the police video of the car chase and flight on foot. This Court affirmed the judgment of sentence, rejecting all three claims. (*See Commonwealth v. Freeland*, No. 553 MDA 2012, unpublished memorandum at 5-9 (Pa. Super. filed August 23, 2012)).

In particular, this Court found the claim of error for playing the video waived for failure to object at trial. (*See id.* at 9). However, the Court added in a footnote that even if the claim had been properly preserved for appeal, it would fail because the evidence was relevant to show consciousness of guilt, with the probative value outweighing the danger of unfair prejudice. (*See id.* at 9 n.7).

On March 4, 2013, Appellant filed a *pro se* petition for PCRA relief. The PCRA court appointed counsel, who filed an amended petition on April 24, 2013.[2] That counsel, and other counsel, were permitted to withdraw;

_____

[2] Briefly summarized, the petition raised the following allegations of ineffectiveness:

*(Footnote Continued Next Page)*

- 4 -

the court eventually appointed Attorney Scott A. McCabe, who filed an amended petition on August 16, 2013.[3]

After a hearing on September 25, 2013, the PCRA court denied relief from the bench. The court followed up with a written order denying relief,

_(Footnote Continued)_ ———————————

> a. Failure to object to the video of Appellant's flight from the police;
> b. Failure to investigate the case or impeach the Commonwealth's "main" witness at trial;
> c. Failure to introduce recovered clothing as exculpatory evidence;
> d. Failure to file a motion to suppress the photo lineup;
> e. Inadequate questioning of Commonwealth witness about the blood on Appellant's forehead in the photo lineup "which may have been exculpatory[.]"

(Amended PCRA Petition, 4/24/13, at unnumbered page 3).

[3] Attorney McCabe's amended petition asserted the following trial counsel ineffectiveness issues:

> a. Failure to move to suppress Maxfield's pre-trial identification;
> b. Failure to "remind" trial court of scheduled pre-trial hearing on Appellant's motion for new counsel;
> c. Failure to call witness who would say she heard another name at the shooting;
> d. Inadequate impeachment of Barnes;
> e. Failure to request jury instruction on consciousness of guilt.

(*See* Amended PCRA Petition, 8/16/13, at unnumbered pages 2-4).

We further observe that although Attorney McCabe is still the attorney of record, as previously noted, he has petitioned this Court for permission to withdraw from representation.

which also explained the reasons for its denial.[4] Counsel filed a timely notice of appeal on October 3, 2013.[5]

On March 13, 2014, this Court remanded the appeal back to the PCRA court for a determination of whether counsel had abandoned Appellant by failure to file a brief. (*See* Order, *per curiam*, 3/13/14). After a hearing, the PCRA court found that counsel had drafted a ***Turner***/***Finley*** letter, but because of an office breakdown in communication, inadvertently failed to file and serve it in a timely fashion. (*See* N.T. Hearing, 3/27/14, at 1-4; *see also* Order, 3/27/14, at 4-6). Therefore, the court concluded, counsel had **not** abandoned his client. (*See* N.T. Hearing, 3/27/14, at 4). The PCRA court issued an order directing counsel to file and serve his ***Turner***/***Finley*** letter and application to withdraw with this Court; the PCRA court also recommended that this Court permit counsel to file his ***Turner***/***Finley*** letter. (*See* Order, 3/27/14, at 5).

On April 4, 2014, Attorney McCabe filed a petition to withdraw with this Court, attaching his ***Turner***/***Finley*** "no merit" letter, (as originally addressed to Appellant), with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant filed an application for

---

[4] The order, also dated September 25, 2013, was docketed on October 17, 2013. (*See* Order, 10/17/13).

[5] Appellant filed a statement of errors on November 15, 2013. The PCRA court filed an opinion on December 11, 2013. *See* Pa.R.A.P. 1925.

relief on April 29, 2014, and his *pro se* response to the **Turner**/**Finley** letter on May 2, 2014. Appellant also requested an extension to file a "cross-appeal" in support of his opposition to counsel's petition to withdraw. (Application for Extension of Time, 7/02/14).

On August 4, 2014, this Court granted Appellant a thirty day extension to file a response to counsel's petition, as requested, and to file a brief on the merits of the appeal. (**See** Order, *per curiam*, 8/04/14). When the original extension period had expired, this Court granted Appellant an additional fifteen days' extension, with the proviso that no additional extensions would be granted. (**See** Order, 9/08/14). Appellant has now "timely" filed a *pro se* brief in response to counsel's petition to withdraw. (**See** Appellant's Brief, filed 9/10/14).

Appellant's brief raises three questions:

A. Did the PCRA/[t]rial [c]ourt err on remand when the [c]ourt [c]oncluded that Attorney Scott A. McCabe did not abandon the [A]ppellant on appeal?

B. Should counsel be allowed to withdraw after abandoning [A]ppellant, pursuant to **Turner**/**Finley** when counsel did not certify [A]ppellant's lack of merit on appeal?

C. Does [A]ppellant have meritorious issues?

(Appellant's Brief, at 4).

Before we may review the merits of Appellant's claims, we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation.

The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. ***See*** [***Commonwealth v.***] ***Pitts***, 981 A.2d 875, 876 (Pa. 2009) ***supra*** at [ ] n.1.

In ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2006) *abrogated in part by* ***Pitts***, ***supra***, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to ***Friend***, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in ***Pitts*** that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of ***Friend*** as those prerequisites did not apply to the petitioner in ***Pitts***. ***See Pitts***, ***supra*** at 881 (Castille, C.J. concurring).

After the decision in ***Pitts***, this Court held in ***Commonwealth v. Widgins***, 29 A.3d 816 (Pa. Super. 2011), that the additional procedural requirements of ***Friend*** were still applicable during collateral review.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (footnote omitted).

Here, our review of the hearing transcript confirms that the PCRA court's recommendation on the question of counsel's "abandonment" of Appellant is supported by the findings of record. We agree with the PCRA

court's recommendation and accept counsel's **Turner**/**Finley** letter *nunc pro tunc*.

We also find that counsel has substantially complied with the requirements of **Turner**/**Finley** and their progeny, detailing his review of the record and his conclusion that Appellant's claims are meritless. Counsel also notified Appellant, as directed by the PCRA court, and furnished him with a copy of his "no merit letter," advising him of his right to proceed *pro se* or to retain private counsel. Accordingly, we will grant counsel's petition to withdraw.

Next, we proceed to our independent review of Appellant's claims.

Our standard and scope of review for the denial of a PCRA petition is well-settled.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

> To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. **See Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973 (1987).

**Id.** at 303 n.3. Furthermore,

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

*Id.* at 311–12 (most case citations, internal quotation marks and other punctuation omitted). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." ***Commonwealth v. Rolan**,* 964 A.2d 398, 406 (Pa. Super. 2008) (citations and internal quotation marks omitted) (emphasis in original). Additionally,

[Our Supreme] Court has recognized that counsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision-making by counsel. Under some circumstances, trial counsel may forego objecting to an objectionable remark or seeking a cautionary instruction on a particular point because objections sometimes highlight the issue for the jury, and curative instructions always do.

***Commonwealth v. Koehler**,* 36 A.3d 121, 146 (Pa. 2012) (case citations, internal quotation marks and other punctuation omitted). This Court analyzes PCRA appeals "**in the light most favorable to the prevailing party at the PCRA level.**" ***Rykard, supra*** at 1183 (emphasis added); ***see also Spotz, supra*** at 311 ("The scope of review is limited to the findings of

the PCRA court and the evidence of record, **viewed in the light most favorable to the prevailing party at the trial level.**") (emphasis added).

Our Supreme Court has explained:

As a general and practical matter, it is more difficult for a defendant to prevail on a claim litigated through the lens of counsel ineffectiveness, rather than as a preserved claim of trial court error. ***Commonwealth v. Gribble***, 580 Pa. 647, 863 A.2d 455, 472 (2004). This Court has addressed the difference as follows:

[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.' ***Pierce***, 515 Pa. at 162, 527 A.2d at 977. This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in ***Commonwealth v. Story***, 476 Pa. [391], 409, 383 A.2d [155], 164 [ (1978) ] (citations omitted), states that "[w]henever there is a '**reasonable** possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the ***Pierce*** prejudice standard, which requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings. This distinction appropriately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel. ***Pierce***, *supra*.

***Gribble***, 580 Pa. at 676, 863 A.2d at 472 (emphasis in original).

***Id.*** at 315.

- 11 -

Finally, we note that:

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**; Pa.R.A.P. 2101.

> \* \* \*

> In the instant case, the defects in Appellant's brief are substantial. . . . Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief.

**Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

Here, too, Appellant's *pro se* brief substantially fails to conform to the basic requirements of appellate advocacy. Most notably, Appellant cites, but apparently misapprehends our standard and scope of review. We review the PCRA court's findings of fact in the light most favorable to the Commonwealth as verdict winner to determine if they are supported by the record. **See Spotz**, **supra** at 311; **see also Rykard, supra** at 1183. We review the PCRA court's conclusions of law for specific legal error. Appellant's mere general disagreement with the findings of fact or the result does not establish his right to PCRA relief. Citation of caselaw for general principles without developing an argument to establish specifically how they apply to this appeal does not prove legal error.

Furthermore, as ably explained by counsel in his **Turner/Finley** letter, directly addressed to Appellant, Appellant must prove each of his claims of ineffectiveness under the three-pronged **Pierce** test to merit relief. (**See Turner/Finley** letter, 1/10/14, at 3). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." **Rolan**, **supra** at 406.

With these principles in mind, we review Appellant's issues.

Appellants' first two issues both address abandonment. Initially, Appellant challenges the PCRA court's conclusion that counsel did not abandon his client. (**See** Appellant's Brief, at 8-10). To prevail on this claim, Appellant had to show that the court's findings were not supported by the record "viewed in the light most favorable to the prevailing party at the trial level." **Spotz**, **supra** at 311. Therefore, mere disagreement with the court's conclusion is not enough. Appellant fails to prove his claim by a preponderance of the evidence. Appellant's first claim fails.

Next, Appellant's second question, which erroneously assumes the conclusion of his first question (that PCRA counsel abandoned him, despite the PCRA court finding to the contrary), merits no relief. Counsel did not abandon Appellant.

Additionally, Appellant argues that counsel's "no merit" letter was deficient. (**See** Appellant's Brief, at 11-17). Appellant's reliance on

counsel's perceived error (that Appellant's *de facto* concession of guilt at the PCRA hearing virtually precluded PCRA relief) is misplaced, and meritless.

Counsel's assessment merely articulated the unassailable conclusion that Appellant, in the face of his admission of the shootings, could not meet his burden to prove that any alleged claims of ineffectiveness by trial counsel "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Spotz**, **supra** at 311-12, (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). Counsel's assessment was correct. As we have already noted, the PCRA court properly decided that counsel did not abandon his client. We have already determined that counsel has substantially complied with the dictates of **Turner**/**Finley** and will be permitted to withdraw. (**See supra** at *9). Appellant's second issue has no merit.

Finally, in his third question, Appellant argues he has meritorious issues. (**See** Appellant's Brief, at 23-36). Here, Appellant patently fails to comply with the Rules of Appellate Procedure. His catch-all grab bag of undeveloped claims are not set forth in the statement of questions involved and not fairly suggested thereby. **See** Pa.R.A.P. 2116(a). Therefore, all of Appellant's asserted issues are waived.

Moreover, they would not merit relief. Common to all these claims, Appellant fails to plead and prove the three **Pierce** prongs. Furthermore, several of Appellant's key issues, such as the photo line-up, claimed

deficiencies in the identification from a photo array, and the playing of the chase video, were previously raised on direct appeal. This Court has already decided that they have no merit. Counsel cannot be faulted for declining to raise a meritless claim. "[I]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1024 (Pa. Super. 2014) (citations omitted).

In any event, rather than develop an argument to meet the ***Strickland***/***Pierce*** test, Appellant's meandering and unfocussed brief largely reiterates arguments previously made, in effect inviting this Court to engage in an impermissible reweighing of much of the evidence previously presented. We decline to do so. None of Appellant's claims merit relief.

Moreover, it bears noting that Appellant conceded to the prosecutor in the PCRA hearing that he shot at the victims. (***See*** N.T. PCRA Hearing, 9/25/13, at 34-35; ***see also*** Appellant's *pro se* Brief, at 16). However, Appellant argued that he lacked the intent to kill because he only shot the victim in the leg:

> [APPELLANT:] Now [the prosecutor] is talking about the femoral artery. So they are saying that because he got shot in the femoral artery that shows intent to kill. Correct, if I know that I am intending to shoot you in your femoral artery to kill you, then yes that show [sic] intent to kill. But if you are

intending to shoot someone out of anger or frustration, I am a lay person and I don't know there is are [sic] femoral artery in the leg that you can bleed out in two hours. I don't know that. I didn't have the specific intent to kill someone because someone got shot in their leg. That is my thing.

[PROSECUTOR:] So are you really only contesting the criminal attempt homicide?

[APPELLANT:] That is why I went to trial, yes.

[PROSECUTOR:] So you would admit to shooting him?

[APPELLANT:] Aggravated assault.

[PROSECUTOR:] Okay.

(N.T. PCRA Hearing, 9/25/13, at 43-44; *see also* Commonwealth's Brief, at 7-8).

Appellant argues that "[a] concession of guilt does not, *per se*, foreclose prisoner access to Pennsylvania's PCRA[,]" citing to the PCRA itself and to **Commonwealth v. Haun**, 32 A.3d 697, 705 (Pa. 2011) ("We hold that a concession of guilt does not, *per se,* foreclose prisoner access to the PCRA.").[6] (**See** Petition [&] Rebuttal [ ], 4/29/14, at 5 ¶ 4 (A)).

_____

[6] We note for clarity that the issue of sufficiency of the evidence for Appellant's conviction of attempted murder was already decided by our predecessor panel on direct appeal. (**See Freeland**, **supra** at 4-7).

Nevertheless, in addition to the requirement to meet all three **_Pierce_** prongs, Appellant still has the burden to plead and prove by a preponderance of the evidence "that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **_Spotz_**, **_supra_** at 311-12; **_see also_** 42 Pa.C.S.A. § 9543(a)(2)(ii).

Here, none of the assertions raised by Appellant support this claim. To the contrary, Appellant fails to develop any argument or offer citation to pertinent authority which would support the conclusion that the deficiencies he alleges undermined the truth-determining process.

In addition to the claims already reviewed, Appellant asserted in his _pro se_ rebuttal to the petition to withdraw, that PCRA counsel was ineffective for his purported failure to raise the issue of trial counsel's failure to object to the trial court's answer to a jury question outside of the presence of counsel. (**_See_** Petitioner's Rebuttal, at 6).

This claim fails all three of the **_Pierce_** prongs. It lacks arguable merit. Counsel had an obvious reasonable strategic basis not to object. And Appellant fails to show prejudice.

For supporting authority, Appellant relies on **Argiro v. Phillips Oil Co.**, 220 A.2d 654 (Pa. 1966).[7]  Appellant's reliance is misplaced.  **Argiro**, a direct appeal from a judgment in a civil case, was overruled in pertinent part by our Supreme Court in **Commonwealth v. Bradley**, 459 A.2d 733, 734 (Pa. 1983).  The **Bradley** court explained:

> The reason for prohibiting a trial judge from communicating with a jury *ex parte* is to prevent the court from unduly influencing the jury and to afford counsel an opportunity to become aware and to seek to correct any error which might occur.  **Where there is no showing either that the court's actions may have influenced the jury or that its directions were erroneous, then the reason for the rule dissolves.**

**Id.** at 736 (emphasis added) (citations omitted).

Here, Appellant fails to distinguish between the line of authority addressing the request for instruction, or the reiteration of instructions, which our Supreme Court has held to implicate protection of the constitutional right to counsel, (**see**, **e.g.**, **Commonwealth v. Johnson**, 828 A.2d 1009, 1015-16 (Pa. 2003)) (prejudice presumed when defendant denied counsel during reiterative jury instructions), and non-instruction communications with the jury.  **See e.g.**, **Bruckshaw v. Frankford Hosp. of City of Philadelphia**, 58 A.3d 102, 115 n.8 (Pa. 2012) (noting, *inter alia*, that **Bradley** "eliminated a presumption of prejudice in a case involving unauthorized contact between a judge and the jury.").

---

[7] Appellant mis-cites **Argiro** as filed in 1996.  (**See** Rebuttal, at 6).

In this case, the trial court's communication, consistent with the applicable rule of criminal procedure, had nothing to do with instructions to the jury. The jury did not request an instruction on this issue, and the trial court did not give one. The trial court did no more than inform the jury that its request for a copy of the trial transcript was not permitted. The trial court was correct. **See** Pennsylvania Rule of Criminal Procedure 646(C)(1) ("During deliberations, the jury shall not be permitted to have a transcript of any trial testimony[.]"); **see also Charleston, supra** at 1024 (no duty to pursue meritless claim); **Koehler**, **supra** at 146 (decision of when to interrupt oftentimes a function of overall defense strategy).

Because Appellant's claim is without arguable merit, trial counsel had a reasonable basis for declining to object. Accordingly, PCRA counsel had no basis to assert trial counsel's purported ineffectiveness. Furthermore, Appellant was not prejudiced by the trial court's ruling, which properly followed Pa.R.Crim.P. 646. Appellant's claim does not merit relief.

Finally, Appellant claims denial of due process in the failure of the trial court to appoint new counsel prior to trial. (**See** Appellant's Brief, at 34-36). This claim against the trial court does not present a cognizable issue under the PCRA. **See** 42 Pa.C.S.A. § 9543; **see also Commonwealth v. Smith**, 69 A.3d 259, 266 (Pa. Super. 2013), *appeal denied*, 83 A.3d 168 (Pa. 2013) (noting that "'the right to appointed counsel does not include the right to counsel of the defendant's choice.' Rather, the decision to appoint different

counsel to a requesting defendant lies within the discretion of the trial court.") (citations omitted).

Moreover, it would not merit relief. The PCRA court confirmed that it would not have granted the request for new counsel based on **any** of the reasons Appellant gave at the PCRA hearing. (**See** PCRA Court Opinion, 12/10/13, at 6). Therefore, even if re-framed as a claim of ineffective assistance of counsel for failure to object, the issue would fail because Appellant's underlying claim lacks arguable merit. Furthermore, because the PCRA court confirmed that it would **not** have appointed new counsel for any of the reasons advanced by Appellant, Appellant cannot prove prejudice. Notably, the PCRA court also resolved all issues of credibility in favor of trial counsel, and against Appellant. (**See id.** at 5 n.1).

To summarize, counsel is presumed effective, and to rebut that presumption, Appellant must demonstrate that counsel's performance was deficient and that such deficiency **prejudiced** him. **See Commonwealth v. Elliott**, 80 A.3d 415, 431-32 (Pa. 2013) (claim of ineffectiveness for failure to raise trial counsel's lack of preparedness and failure to investigate must demonstrate that appellant was prejudiced such that outcome of proceedings would have been different). Appellant must plead and prove all three prongs of the **Strickland**/**Pierce** test to merit relief. **See Spotz**, **supra** at 303 n.3. None of Appellant's claims merit relief. On independent review, we find no other claims of merit.

Order affirmed. Petition to withdraw granted.

Jenkins, J., joins the Opinion.

Donohue, J., files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2014