J-S39003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHU T CHIM, | |
| Appellant | No. 2171 EDA 2011 |

Appeal from the PCRA Order July 15, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0411571-2005
CP-51-CR-0411581-2005

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED JUNE 23, 2015**

Phu T. Chim appeals  from the July 15, 2011 order[1] denying him PCRA relief.  We affirm.

On February 22, 2005, Appellant was arrested and charged at criminal action 0411571-2005 with one count of robbery, one count of possession of

---

[1] This appeal was timely filed.  The reasons for delay in disposition are, in chronological order: 1) counsel's failure to file a docketing statement, which resulted in a remand for a determination as to whether counsel had abandoned Appellant: 2) the trial court's failure to timely forward the record; 3) two defense requests for extensions of time to file a brief; 4) Appellant's petition to proceed *pro se* just after a counseled brief was filed; 5) a remand for a hearing on that petition; 6) delays in the conduct of the hearing; 7) after the trial court's denial of the request to proceed *pro se*, the grant of two more extensions to file a brief filed by Appellant's counsel; 8) despite the grant of extensions, the late filing of Appellant's brief; and 9) grant of two extensions to the Commonwealth to file its brief.

an instrument of crime ("PIC") and related charges based on a criminal episode occurring on January 23, 2005. One month later, on February 23, 2005, Appellant was arrested and charged at criminal action number 0411581-2005 with two counts of robbery, two counts of PIC, and other charges due to an incident occurring on February 4, 2005.

The charges were consolidated for trial, and, on November 3, 2006, a jury convicted Appellant of three counts each of robbery and PIC. The jury's verdict was based upon the following evidence. At approximately 10:00 am. on January 23, 2005, Iwan Santoso was working with his mother at his cafe located at 1529 Morris Street, Philadelphia. Appellant approached Mr. Santoso's mother, who was at the cash register, and started yelling and using profanities. Mr. Santoso pressed a button to summon police and went to his mother's aid. Appellant then removed a gun from his jacket and demanded that Mr. Santoso open the cash register and give him the money in it. Mr. Santoso complied with that demand, and Appellant left with the cash. Mr. Santoso related that he had an unobstructed view of Appellant's face during the robbery. After the incident, Mr. Santoso flagged down a passing Philadelphia police officer and gave a description of his assailant. About two weeks later, Mr. Santoso saw Appellant driving in the neighborhood and gave police a description of Appellant's vehicle, a white Mercedes Benz.

Mr. Samantri Aimodjo and Ms. Tienneke Suardi testified about an incident that occurred on February 4, 2005. At approximately noon, they were having lunch while working at a store located about two blocks from Mr. Santoso's café. Appellant approached the cash register, tapped it with a gun, and demanded that the victims open it. Mr. Aimodjo went to the register, opened it, and slowly handed Appellant the money piecemeal. The robbery took fifteen to twenty minutes to complete, and both victims were able to see Appellant clearly. After the robbery was over, police were summoned, and the eyewitnesses described their assailant as a thirty-year-old male Asian with a light-complexion, 5'5" in height, and 125 pounds. He was wearing a tan suit and a yellow hooded jacket with a dragon on the back. This description matched that given to police by Mr. Santoso.

Officer Chris Lai began to conduct surveillance in the area searching for Appellant. On February 22, 2005, he and his partner observed Appellant, who matched the description outlined by the victims, driving a white Mercedes. After Appellant parked his car, Officer Lai approached Appellant, who fled after Officer Lai displayed his police badge. Appellant was captured by Officer Lai's partner.

Philadelphia Police Detective Frank Wallace photographed Appellant and created a photographic display containing seven other photographs of similar individuals. Mr. Santoso came to the police station and identified Appellant as the perpetrator of the January 23, 2005 robbery. Based upon

this identification, Detective Wallace obtained search warrants for Appellant's car and home. Police recovered bullets and a jacket matching the description given by the victims.

Thereafter, Mr. Aimodjo and Ms. Suardi were shown a photographic display containing Appellant's picture. Those victims also identified Appellant as the perpetrator of the February 4, 2005 incident. All three victims stated at trial that Appellant was the armed robber who stole money from their cash registers.

After Appellant's judgment of sentence was imposed, he filed a direct appeal raising five contentions. We affirmed, **Commonwealth v. Chim**, 972 A.2d 549 (Pa.Super. 2009) (unpublished memorandum), and our Supreme Court denied review on October 27, 2009. **Commonwealth v. Chim**, 982 A.2d 1227 (Pa. 2009). Appellant filed a timely PCRA petition, and this appeal followed its denial. Appellant presents one issue for our review:

> A. Did the trial (PCRA) Court err when it denied [Appellant's] amended Post Conviction Relief Act petition wherein the issue raised was that direct appellate counsel was ineffective for not properly raising and preserving the issue of the weight of the evidence on appeal as it was the crux of the defense theory at trial and this dereliction of duty deprived the appellant of effective assistance of counsel for meaningful appellate review?

Appellant's brief at 2.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

Appellant's contention is that trial counsel was ineffective for failing to preserve a weight claim by filing a post-sentence motion. He noted that his defense at trial was premised upon mistaken identity and avers that a weight motion would have been "meritorious for the purpose of appeal." Appellant's brief at 14. He observes that "it was necessary to file [a post-sentence] motion to preserve this issue." *Id*.

Trial counsel "is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Freeland*, *supra* at 775 (citation omitted). There is a three-part test for proving counsel's ineffectiveness: "To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);

*Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)." *Id*.

(citation omitted). "Counsel's assistance is deemed constitutionally effective

once this Court determines that the defendant has not established any one

of the prongs of the ineffectiveness test." *Id*. (citation and emphasis

omitted).

We note that the PCRA judge was also the presiding judge at trial.

That court concluded that trial counsel was not ineffective for failing to

pursue a weight claim in a post-sentence motion since it was not a

meritorious challenge to the jury's verdict. Since the trial judge rejected

Appellant's weight claim, the merits of that contention is subject to the

following standard of review:

> A verdict is not contrary to the weight of the evidence
> because of a conflict in testimony or because the reviewing
> court on the same facts might have arrived at a different
> conclusion than the fact-finder. Rather, a new trial is warranted
> only when the jury's verdict is so contrary to the evidence that
> it shocks one's sense of justice and the award of a new trial is
> imperative so that right may be given another opportunity to
> prevail. Where, as here, the judge who presided at trial ruled on
> the weight claim below, an appellate court's role is not to
> consider the underlying question of whether the verdict is
> against the weight of the evidence. Rather, appellate review is
> limited to whether the trial court palpably abused its discretion
> in ruling on the weight claim.

*Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citation omitted).

Indeed, "One of the least assailable reasons for granting or denying a new

trial is the lower court's determination that the verdict was or was not

against the weight of the evidence and that new process was or was not dictated by the interests of justice." ***Id***.

Herein, the PCRA court rejected the position that Appellant could have obtained relief had counsel raised a challenge to the weight of the evidence in a post-sentence motion. It noted that the jury was empowered with deciding the credibility of the witnesses, including Appellant's defense of mistaken identity. It outlined that the verdict did not shock its sense of justice given that the victims "gave detailed, matching descriptions. Furthermore, the victims identified the Appellant from a photo array and at trial. Finally, searches of Appellant's home yielded both the clothing he wore during the robberies and ammunition." Trial Court Opinion, 12/21/11, at 3. Given the PCRA court's articulated rationale for rejecting Appellant's position, we cannot conclude that a palpable abuse of discretion occurred. Thus, contrary to Appellant's position, his weight-of-the-evidence challenge was not meritorious. We therefore conclude, as did the PCRA court, that trial counsel was not ineffective for failing to pursue a weight claim in a post-sentence motion. Hence, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015