J-S28002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KATHLEEN MCCULLOUGH, | |
| Appellant | No. 448 WDA 2016 |

Appeal from the PCRA Order of January 29, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007911-2008
CP-02-CR-00105026-2009

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 30, 2017**

Appellant, Kathleen McCullough, appeals *pro se* from the order entered on January 29, 2016, denying relief on her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We dismiss the appeal.

A brief summary of the procedural and factual history of the case follows.  Appellant was convicted of two counts of theft by deception, one count of unlawful use of computers, and one count of computer trespass. These convictions stemmed from her employment as a financial controller with Mackin Engineering and as Chief Financial Officer of Radiance Plastic Surgery Center during the period of 2006 to 2008.  Appellant stole in excess of $1,100,000.00 from Mackin Engineering, and roughly $140,000.00 from Radiance Plastic Surgery Center.  N.T., 10/16/15, at 58, 65.  On August 27,

_____

* Retired Senior Judge assigned to the Superior Court.

2010, the trial court sentenced Appellant to one to two years' incarceration and a concurrent five-year probationary period.

Following her appeal, this Court affirmed the judgment of sentence on March 9, 2012. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 1, 2012.

Appellant filed a *pro se* PCRA petition on April 1, 2013. Counsel was appointed to represent Appellant in the PCRA proceedings. On October 4, 2013, however, the trial judge granted counsel's motion to withdraw, as well as Appellant's motion for recusal. The case was reassigned and, following a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) on October 29, 2013, the PCRA court permitted Appellant to proceed *pro se*.

Appellant filed a supplement to her PCRA petition on March 2, 2015. In total, she raised 146 claims. The PCRA court narrowed the claims to 70, following a number of Commonwealth motions and a status conference. The PCRA court also quashed half of the roughly 50 subpoenas served by Appellant. A PCRA hearing took place on October 16, 23, and 30 of 2015. From there, the court narrowed Appellant's remaining 70 claims to two claims involving ineffective assistance of counsel. It denied Appellant relief by memorandum order dated January 29, 2016. This timely, *pro se*, appeal followed.

Appellant attempts to incorporate her original 146 claims into this appeal. She raised an additional 34 "issues" in her initial brief and made a number of other allegations in her reply brief.

To begin, it is important to note that, "this Court is willing to construe liberally materials filed by a *pro se* litigant, [but] *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (citation omitted). Moreover, any brief that significantly deviates from the requirements of the Pennsylvania Rules of Appellate Procedure may be quashed or dismissed. Pa.R.A.P. 2101. Appellant's brief patently disregards the requirements of Pa.R.A.P. 2111. Her brief contains no discernible argument section; there is simply an enumerated list of incoherent complaints entitled, "The Appeal Issues." Appellant's Brief at 22.

Additionally, this Court has held that incorporation by reference is an improper means of appellate advocacy, and renders such claims waived. ***Commonwealth v. Briggs***, 12 A.3d 291, 342 (Pa. Super. 2011) (citation omitted). Therefore, even if the rest of her brief complied with the rules of appellate procedure, Appellant's first 146 issues are waived.

According to the official note following Pa.R.A.P. 2113, an appellant's reply brief "may only address matters raised by appellee and not previously addressed in appellant's brief." Pa.R.A.P. 2113 note. Here, the only reference to the Commonwealth's brief made in Appellant's reply brief is to say it "was solely prepared to protect the political establishment of Allegheny

County[.]" Appellant's Reply Brief at 2. The rest of its contents are in no way a response to the Commonwealth's brief.

Furthermore, "it is an appellant's duty to present arguments that are sufficiently developed for our review." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). It is not the duty of this Court to develop arguments for an appellant. *Id.* In the instant case, Appellant's briefs are almost entirely devoid of legal argument. Aside from a few references to the Rules of Professional Conduct and the Pennsylvania State Ethics Act, Appellant cites absolutely no legal authority. Appellant's Brief at 22, 41; Appellant's Reply Brief at 4. Moreover, she fails to apply the few laws that she cites to the facts of the case in any meaningful way. A brief that is devoid of legal rationale is insufficient to permit appellate review. *Commonwealth v. Perez*, 93 A.3d 829, 844 (Pa. 2014). Appellant's briefs consist entirely of rambling, unsubstantiated, in most cases ridiculous accusations about each judge, district attorney, and defense attorney involved in her case.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (internal quotation marks and citations omitted). The complete lack of organization and legal argument in Appellant's brief makes reviewing the case for legal error an impossibility.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017