J-S63004-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CHRISTOPHER L. THORNHILL | |
| Appellant | No. 1252 WDA 2016 |

Appeal from the PCRA Order August 2, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000471-2012

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CHRISTOPHER L. THORNHILL | |
| Appellant | No. 1254 WDA 2016 |

Appeal from the PCRA Order August 2, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000579-2012

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED OCTOBER 17, 2017

Christopher L. Thornhill appeals from the order denying his PCRA petition.  We affirm.

We previously set forth the facts underlying this appeal:

On September 22, 2011, Shane Glatt and Richard White forcibly entered the home of Mary McCallister and John Smith on Cranberry Alley in Punxsutawney. Appellant, who dealt drugs to Mr. Glatt and Mr. White, lived in a second-floor bedroom in the house. Mr. Glatt and Mr. White took a safe containing money and drugs from Appellant's room. When Appellant learned that his safe had been stolen, he became furious and set out to discover the identities of the culprits . . . Appellant's acquaintance, Naim Sturges . . . told Appellant it was Mr. Glatt and Mr. White who had taken the safe.

. . . .

Only a few minutes after Mr. Sturges informed Appellant of their involvement in the theft, Mr. Glatt and Mr. White arrived in Mr. Glatt's car. Appellant, gun in hand, went outside to confront them. Mr. Glatt had a brief conversation with Appellant in front of the car. Mr. White remained in the front passenger seat of the vehicle[.] When Mr. Glatt turned around to retrieve his cell phone from the car, Appellant shot him in the back of the knee. Mr. Glatt fell to the ground and began to "crab walk" away from Appellant toward the rear of the car. Appellant continued to fire at Mr. Glatt, who survived multiple gunshot wounds to his legs, buttocks, ankle, and groin area. At some point, Appellant also shot Mr. White in the back as he turned to exit the vehicle, instantly paralyzing him below the waist.

. . . .

The Commonwealth charged Appellant at No. 0579 of 2011 with two (2) counts of criminal attempt (homicide), four (4) counts of aggravated assault, two (2) counts of simple assault, and one (1) count of persons not to possess firearms. At No. 0471 of 2012, Appellant was charged with receiving stolen property, i.e., the gun used in the shootings. The court consolidated the cases for trial. Following a four-day trial . . . a jury convicted Appellant of all charges except one count of attempted homicide with respect to Richard White.

Sentencing took place on November 14, 2012 . . . . Appellant received an aggregate sentence of forty-five (45) to ninety (90) years' imprisonment.

Commonwealth v. Thornhill, 105 A.3d 779 (Pa.Super. 2014) (unpublished memorandum at *2-6). This Court affirmed his judgment of sentence, id., and on November 25, 2014, the Supreme Court denied Appellant's petition for allowance of appeal. Commonwealth v. Thornhill, 104 A.3d 4 (Pa. 2014).

On February 25, 2016, Appellant filed a timely pro se PCRA petition alleging, inter alia, that trial counsel rendered ineffective assistance of counsel by failing to move for severance of his person not to possess firearms offense. Counsel was appointed. The PCRA court held a hearing on Appellant's petition on June 10, 2016. On August 2, 2016, the PCRA court denied the petition. Appellant filed a timely notice of appeal to this Court. Appellant complied with the PCRA court's order to file a Rule 1925(b) concise statement of errors complained of on appeal, and the court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises a single question for our consideration: "Did the trial court err in failing to find that [Appellant] was denied the effective assistance of counsel, and that he was thereby prejudiced, when his trial counsel failed to have the charge of 'Person not to possess, use, manufacture, control, sell or transfer firearms' (18 Pa.C.S.A. Sec. 6105(a)(1)) severed from the remaining charges [Appellant] faced at the consolidated jury trial in this matter?" Appellant's brief at 5.

We review an order denying a PCRA petition to determine whether the PCRA court's ruling is supported by the evidence of record and is free from legal error. Commonwealth v. Watley, 153 A.3d 1034, 1039 (Pa.Super. 2016). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. Id. at 1039-1040.

To establish ineffective assistance of counsel, a PCRA petitioner must show that the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Id. at 1040. Our analysis begins with the presumption that counsel was effective. Id. Further, the failure to satisfy any prong of the test will cause the claim to fail. Id. Finally, "a defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" Commonwealth v. Freeland, 106 A.3d 768, 776 (Pa.Super. 2014) (citation and internal brackets omitted).

Appellant argues that trial counsel was ineffective for failing to seek severance of his person not to possess offense from the remainder of his charges. In support of this position, Appellant relies on prior case law, such as Commonwealth v. Jones, 858 A.2d 1198 (Pa.Super. 2004), wherein we

found the trial court abused its discretion by failing to sever a charge of person not to possess a firearm.[1]  Appellant contends that, under this case law, failing to sever this offense impermissibly and prejudicially introduced prior bad act evidence into the proceeding, which was otherwise unnecessary to establish his conviction for the other crimes.  He alleges that "the jury could have assumed that since [he] was not permitted to possess a firearm that he had some type of prior conviction.  It may have even speculated that it was for a prior violent crime."  Appellant's brief at 25.  He maintains that, under this line of reasoning, trial counsel could have no reasonable basis for not severing the charge for trial.  Finally, Appellant asserts that he was prejudiced by this failure since "the jury might presume

_____

[1] The Crimes Code defines the offense of persons not to possess, use, manufacture, control, sell or transfer firearms, in relevant part, as:

> (1)  A person who had been convicted of an offense in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a).  Subsection (b) of the statute enumerates specific offenses which apply to subsection (a).  Subsection (c) delineates conduct which gives rise to the prohibition defined in subsection (a).  Such conduct includes fugitives from justice, people convicted of offenses under The Controlled Substance, Drug, Device and Cosmetic Act, individuals who have been adjudicated incompetent or involuntarily committed into a mental institution, illegal aliens, and a number of other behaviors.  See 18 Pa.C.S. § 6105(b) and (c).

that the defendant had a prior criminal record which could have led the jury to believe [he] had a pre-existing criminal disposition," or had perpetrated the crimes with the relevant mens rea. Appellant's brief at 29.

Herein, Appellant stipulated that he was a person not permitted to possess a firearm by motion dated October 29, 2012. As such, the jury was not required to find that element of the offense, and was not otherwise informed of the conduct which gave rise to the prohibition. Simply, the jury was not apprised of any evidence related to the underlying offense to which Appellant's claim now relates. In addition, the court's jury instructions indicated the following:

> It's been stipulated that [Appellant] could not possess, use, manufacture, control, sell, or transfer a firearm. So you must find that. The first thing you must find is that he was unable to do that. That's been stipulated.
>
> . . . .
>
> You the jurors are the sole judges of the facts. It will be your responsibility to consider the evidence, to find the facts, and applying the law to the facts as you find them, to decide whether the defendant has been proven guilty beyond a reasonable doubt.

N.T. Trial, 11/8/12, at 139-140, 146.

It is well-established that "[w]e presume that the jury follows a trial court's instructions." Commonwealth v. Windslowe, 158 A.3d 698, 713 (Pa.Super. 2017) (citation omitted). Appellant's mere speculation that the jury may have been prejudiced by the possibility that he had an underlying

criminal offense does not overcome this presumption. The trial court ensured that the jury was only to consider the evidence presented by the Commonwealth. The Commonwealth did not offer any evidence regarding why Appellant was not permitted to possess a firearm, and indeed, due to Appellant's stipulation, it had no need to. The record reveals no indication that the jury was otherwise aware of those details.

Lastly, Appellant's instant protestations fall far short of proving the actual prejudice necessary to establish that trial counsel's alleged error reasonably had an adverse effect on the outcome of the proceedings. Freeland, supra. This is especially true in light of the overwhelming evidence of guilt proffered by the Commonwealth during Appellant's jury trial, including the testimony of the victims, Mr. Glatt and Mr. White. Hence, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017