J-A08041-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MUZAFFAR AHMED, | : | |
| | : | |
| Appellant | : | No. 2984 EDA 2017 |

Appeal from the Judgment of Sentence August 15, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-SA-0000310-2017

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 30, 2018**

Muzaffar Ahmed (Appellant) appeals *pro se* from the August 15, 2017 judgment of sentence imposing a $25 fine and costs after he was found guilty of a summary traffic offense. The Commonwealth has filed a motion to dismiss this appeal.  For the reasons that follow, we dismiss this appeal.

On April 29, 2017, Officer Jeffrey P. Gallo was on routine patrol in Chester County when he saw Appellant make a left-hand turn from the right lane in violation of 75 Pa.C.S. § 3322.  Appellant was issued a traffic citation for this offense.  He pled not guilty, and a magisterial district court hearing was scheduled.  Appellant did not appear at the hearing and was found guilty of this offense *in absentia*.  Appellant timely appealed for a trial *de novo* in the Court of Common Pleas of Chester County.  On August 15, 2017, the parties appeared for the hearing.  The trial court concluded that Appellant's

_____
*Retired Senior Judge assigned to the Superior Court.

failure to appear at the district court was excused because the notice was sent to an incorrect address. However, crediting the testimony of Officer Gallo, the trial court found Appellant guilty of the summary offense. *See* Trial Court Opinion, 11/8/2017, at 3. This timely-filed appeal followed.[1]

On appeal, Appellant inartfully challenges the sufficiency of the evidence to sustain his conviction, in addition to asserting several other purported errors. The Commonwealth argues that this appeal should be dismissed due to Appellant's failure to follow numerous Pennsylvania Rules of Appellate Procedure. Motion to Quash Appeal and Deny Oral Argument, 1/11/2018, at ¶¶ 6-12; Commonwealth's Brief at 6-16 (explaining the deficiencies in Appellant's brief pursuant to Pa.R.A.P. 2111, 2114, 2115, 2116, 2118, and 2119 should result in waiver of all of Appellant's claims).

"As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal citations omitted). Our rules provide that "[b]riefs and reproduced records

_____

[1] The trial court issued notice pursuant to Pa.R.A.P. 1925(b) for Appellant to file a concise statement of errors complained of on appeal. Instead of filing the statement in the trial court and sending a copy to the trial judge as directed, Appellant timely filed his statement with this Court. This Court forwarded the statement to the trial court, and the trial court prepared an opinion pursuant to Pa.R.A.P. 1925(a).

shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed." Pa.R.A.P. 2101. Here, we agree with the Commonwealth that the defects in Appellant's brief are substantial and in violation of the rules referenced by the Commonwealth. Significantly, Appellant's brief does not contain either a statement of questions involved which states "concisely the issues to be resolved" or an argument section "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2116, 2119. Thus, we conclude that this deficiency requires the dismissal of this appeal.

Moreover, even if Appellant's brief were compliant with the rules, this Court's review has been substantially impeded by the failure of Appellant to request and file a transcript of the *de novo* hearing in compliance with Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor[.]").

> [W]ell-settled Pennsylvania law makes clear an appellate court is limited to considering only the materials in the certified record when resolving an issue. Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have said:
>
>> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a)…. When the appellant … fails

> to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014) (internal citations omitted).

Here, there is no indication that Appellant requested the transcript or that one is available. Yet, on appeal, Appellant contends primarily that the trial court did not have sufficient evidence to convict him. Such a claim cannot be reviewed by this Court without a transcript. Accordingly, even if Appellant's brief conformed with the rules, we would conclude that he has waived his issues on appeal for failure to ensure the inclusion of the transcript of the hearing in the certified record.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/18