J-A07006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF PETITION FOR CHANGE OF NAME OF CERIIS ST MAARTEN | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CERIIS ST MAARTEN | : : : : | |
| | : | No. 3054 EDA 2018 |

Appeal from the Decree Entered September 6, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1806000509

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OLSON, J.:          **FILED FEBRUARY 07, 2019**

Appellant, formerly known as Ceriis St. Maarten, appeals *pro se* from the decree entered on September 6, 2018, granting her petition for change of name.  Upon review, we dismiss the appeal.

On June 6, 2018, Appellant filed a petition for change of name from "Ceriis St. Maarten" to "Tara El Nova."  In that petition, Appellant also requested that the trial court change the designation of her race, nationality, and citizenship.  On September 11, 2018, the trial court granted Appellant's request to change her name, but noted that the name change did not "affect [sic] any change to [Appellant's] race, nationality, or citizenship."  Trial Court Order, 9/11/2018, at *1.  This timely appeal resulted.

On appeal, Appellant contends that the trial court erred by failing to "correct the status of [her] race, [n]ationality[,] and [c]itizenship[.]"  Appellant's Brief at 2.

_____
* Former Justice specially assigned to the Superior Court.

Before we may consider the merits of the appeal, we note that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) (internal citations omitted). "Briefs and reproduced records shall conform in all material respects with the requirements of [our] rules [of appellate procedure] as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

In this case, the defects in Appellant's *pro se* appellate brief are substantial and in clear violation of our rules of appellate procedure. Such deficiencies hamper our ability to effectively review the appeal. Appellant fails to present a coherent argument pursuant to Pa.R.A.P. 2119(a). Instead, she makes bald statements referencing her version of the facts and conclusory statements that she is entitled relief. Appellant fails to cite any legal authority or refer to the record. **See** Pa.R.A.P. 2119(b) and (c). Even if we liberally construe Appellant's brief, the utter lack of legal argument[1] hampers our

_____

[1] Moreover, Appellant's bald claim lacks merit. The trial court noted that, "Pennsylvania state trial courts do not have the power or jurisdiction to change

ability to conduct meaningful review. As such, we dismiss the appeal based upon the substantial deficiencies of Appellant's brief.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/19

---

an individual's race, nationality, or citizenship." Trial Court Opinion, 10/29/2018, at 1. It further stated, "[t]o the extent that an individual's race, nationality, or citizenship is even proscribed by law and can be changed under the law, only the United States courts and administrative agencies would have the power or jurisdiction to make such changes." *Id.*, *citing* Immigration and Nationality Act, 8 U.S.C. §§ 1101-1178. We discern no error by the trial court.