J-S07014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPHEN EUGENE JILES | |
| Appellant | No. 1063 MDA 2016 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):
CP-67-CR-0002718-2009
CP-67-CR-0002719-2009
CP-67-CR-0002745-2010
CP-67-CR-0003039-2009

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 09, 2017**

Stephen Eugene Jiles appeals from the order denying his PCRA petition.  Appellant's case returns to us after we remanded this matter with directions to counsel to file a ***Turner***/***Finley***[1] brief addressing the issues raised by Appellant in his original *pro se* PCRA petition.  For the following reasons, we again remand this case with instructions to counsel.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

We previously set forth the relevant factual and procedural history of this matter. *See Commonwealth v. Jiles*, 1063 MDA 2016 (Pa.Super. filed March 7, 2017) (unpublished memorandum) at *1-2. As is pertinent herein, we remanded this matter with instructions to counsel to file a *Turner*/*Finley* brief addressing the issues raised in Appellant's original *pro se* PCRA petition, or in the alternative, to file an advocate's brief. Counsel partially complied with our directive, filing a *Turner*/*Finley* brief and no-merit letter addressing the majority of Appellant's claims.

PCRA counsel's *Turner*/*Finley* brief directs this Court's attention to four issues of possible merit:

1. Whether trial counsel, Kevin Hoffman, rendered ineffective assistance by failing to move for dismissal of case No. CP-67-CR-00[2]745-2010 based on a denial of due process and prosecutorial misconduct?

2. Whether trial counsel, Kevin Hoffman, rendered ineffective assistance for offering erroneous advice with regard to accepting or rejecting a plea offered by the Commonwealth that was significantly less onerous than the prison time imposed following trial?

3. Whether Appellant was subjected to structural error when a Judge who decided pre-trial motions was involved in an intimate relationship with the assistant district attorney, who prepared and submitted said motions, resulting in a denial of due process?

4. Whether trial and direct appeal counsel, Kevin Hoffman, was ineffective for failing to file an application for relief in appellate court when he discovered that the pre-trial motions Judge was intimately involved with the assistance district attorney who prepared and submitted several pre-trial motions decided by that Judge?

*Turner*/*Finley* brief, 1/23/17, at 6.

At the outset, we must address whether counsel has met the requirements of *Turner*/*Finley*. The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of her review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa.Super. 2014). Counsel is required to contemporaneously serve upon her client her no-merit letter and application to withdraw along with a statement that, if the court granted counsel's withdrawal, the client may proceed *pro se* or with a privately retained attorney. *Id*. at 774. This Court must then conduct its own independent evaluation of the record and agree with counsel that the petition is meritless. *Id*.

Here, we find that counsel has not fully complied with the requirements of *Turner*/*Finley*. Counsel detailed her review of the record and concluded that Appellant's claims are meritless. She notified Appellant, and furnished him with a copy of her no-merit letter, advising him of his right to proceed *pro se* or to retain private counsel. However, in regard to Appellant's second issue, counsel framed Appellant's challenge as only

concerning trial counsel's failure to advise him of the maximum punishment he faced for each charge upon conviction. Although the record reveals that Appellant raised some concern about trial counsel's failure in this regard, the heart of his contention relates to his assertion that trial counsel misled him regarding the likelihood of acquittal at trial. *See* PCRA Petition, 3/5/14, at unnumbered 14-15 (stating, "Instantly, [Appellant] went to trial rather than enter the plea offered by the prosecution, a decision based on counsel's representation that the Commonwealth could not prove their case against [Appellant]."). PCRA counsel did not address the merits of this claim.

Since PCRA counsel has again failed to satisfy the technical prerequisites of *Turner*/*Finley*, we are constrained to deny counsel's request to withdraw and must again remand this matter for counsel to amend her *Turner*/*Finley* brief and no-merit letter in order to address the claims raised by Appellant in his 3/5/14 PCRA petition, or in the alternative, to file an advocate's brief, taking the necessary steps to ensure Appellant's issues are presented on appeal.

Record remanded. Counsel shall comply with the mandates of this decision within sixty days of remand of the record. Jurisdiction retained.