J-S30045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARY JO SMITH | : | |
| | : | |
| Appellant | : | No. 329 WDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000428-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    FILED AUGUST 14, 2020

Appellant Mary Jo Smith appeals from the Order entered in the Court of
Common Pleas of Fayette County on January 31, 2020, denying her petition
filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On direct appeal, a panel of this Court previously reiterated the trial
court's recitation of the relevant facts and set forth the procedural history
herein as follows:

> On December 5, 2016, at approximately 5:00 to 5:30 p.m.,
> Mr. Alan K. McCutcheon was at his Dunbar Township home [in]
> Connellsville, Fayette County, Pennsylvania[,] in his front yard
> decorating for Christmas. [A] Jeep pulled up in front of the house.
> Mr. McCutcheon did not recognize the vehicle and he could not see
> who was driving the vehicle. Music was blaring from the Jeep and
> an individual inside yelled "Merry Fucking Christmas" from the
> open window of the vehicle. Mr. McCutcheon then yelled back

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

asking "who is that?" to which no answer was given. Mr. McCutcheon, beginning to fear imminent harm, continued to try to establish the identity of the individual in the Jeep. Mr. McCutcheon informed the occupant that he [had a gun in the house. N.T. Trial, 5/7/18, at 16.] A female voice responded from the vehicle. The Jeep then began to move toward Mr. McCutcheon . . . entering the yard. The driver of the Jeep turned . . . in the direction of Mr. McCutcheon. Mr. McCutcheon took cover behind a tree. The Jeep proceeded to circle through the yard three times coming at Mr. McCutcheon. . . . As the vehicle circled through the yard, Mr. McCutcheon was able to identify the driver, by her voice and by sight. Mr. McCutcheon identified the driver as the Appellant. Mr. McCutcheon knew the Appellant from a prior relationship which had existed 29 years prior to the events of December 5, 2016. [Mr. McCutcheon had not seen or talked to Appellant for 8 or 10 years. *Id.* at 21.]

All of Mr. McCutcheon's outdoor Christmas decorations were destroyed by the Jeep driving through his yard. After driving through the yard three times, the Jeep drove off down the road. Mr. McCutcheon then got into his truck and drove off. He initially intended to drive to the Connellsville Police station, but realizing his home was located in Dunbar Township, instead called the State Police from the truck. He then called his wife, Mrs. Donna McCutcheon, who was on her way home from work and instructed her not to go to the house until he returned. Mr. and Mrs. McCutcheon arrived back at their home at the same time.

Shortly after the McCutcheon's returned to the house, and approximately fifteen (15) to twenty (20) minutes after the white Jeep had left, the same vehicle returned to the property. The vehicle entered the yard and began coming toward Mrs. McCutcheon who was able to get inside the front door of the home. Appellant missed hitting Mrs. McCutcheon by approximately three (3) feet. Appellant impacted the flower plant and paver stones in front of the house just as Mrs. McCutcheon jumped inside the door. Appellant then drove around the house taking out five (5) shrubs, hit the foundation of the house, entered the back yard, and drove the vehicle into the swimming pool, hitting the pool four (4) or five (5) times. This is where Appellant got the vehicle stuck. However, Appellant got the Jeep out. At this time, Mr. McCutcheon's step-daughter, Hillary, arrived in her car. Appellant ran into the front of Hillary's car in the driveway with Hillary inside the car. Appellant then backed up and hit Hillary's car again, albeit at a low rate of speed. Appellant exited the Jeep. Hillary exited her vehicle. Appellant came at Hillary with her fists raised. [Hillary

recognized Appellant as Mr. McCutcheon's ex-girlfriend. N.T., 5/7/18, at 68.] Hillary then pinned Appellant to the ground. Approximately ten (10) minutes later, the State Police arrived at the scene. Trial Court Opinion, 7/16/18, at 2-4 (some citations to notes of testimony omitted). A blood alcohol test taken around 7:38 that evening indicated that Appellant had a blood alcohol rate of 0.127%. N.T., 5/7/18, at 102, 114. Further, Mr. McCutcheon testified that the "insurance came to $13,000 worth of damages" to the pool, yard, and front of the house. *Id.* at 32-33.

Appellant was charged with, *inter alia*, two counts each of aggravated assault, simple assault, and recklessly endangering another person (REAP), and one count each of criminal mischief,[2] DUI, and reckless driving. The case proceeded to a two-day jury trial on May 7, 2018. The Commonwealth presented the testimony of Mr. and Mrs. McCutcheon, Hillary, responding police officers, and a neighbor, who is the Connellsville Chief of Police and witnessed Appellant's car "doing donuts and spinning" in the McCutcheons' yard. *See* N.T., 5/7/18, at 72.

Appellant testified in her defense, stating that on the day of the incident, she drank two Long Island iced teas at a "club" and subsequently vodka at another person's home. N.T., 5/7/18, at 127, 137-138. Appellant did not remember leaving that home or driving to the McCutcheons' house. *Id.* at 133, 136, 138. Appellant recalled, however, sitting in her vehicle on the McCutcheons' property, and Mr. McCutcheon talking to her. *Id.* at 134, 136. Appellant did not hear well and thus "pulled up a little bit" to hear him. *Id* at 134, 136. Appellant did not remember what happened next, but testified that she did not intend to hurt anyone. *Id.* at 134, 143. Appellant recalled "waking up and [Hillary] pounding [her] in the face." *Id.* at 134, 139. Appellant also did not remember signing consent for a blood alcohol test. *Id.* at 135. Finally, Appellant testified that the McCutcheons "ha[d her] children beat," "physically assaulted," and "severely traumatized" for 20 years, that there were "medical records" evidencing such abuse, and that the McCutcheons "had [her] neck almost broke in the middle of Connellsville." *Id.* at 141-142. Appellant also acknowledged that she posted messages on Facebook about the McCutcheons. *Id.* at 141, 143.

The jury found Appellant guilty of two counts each of aggravated assault, simple assault, and recklessly endangering another person (REAP) —all with respect to Mr. and Mrs. McCutcheon — and one count each of criminal mischief and DUI. The jury found Appellant not guilty of simple assault against Hillary. On the same day, the trial court found Appellant guilty of

reckless driving. On May 15, 2018, the trial court sentenced Appellant to consecutive sentences of 15 to 30 months of imprisonment for the two aggravated assault convictions; a mandatory 48 hours to 6 months of imprisonment for DUI; and four years of probation for criminal mischief.

Appellant did not file a post-sentence motion, but took this timely appeal.

___

2 18 Pa.C.S.A. §§ 2701(a)(1), 2705, 3304(a)(5).

Commonwealth v. Smith, 769 WDA 2018, at 1-5 (Pa.Super. 2018) (unpublished memorandum).

First finding Appellant had waived her challenge to the sufficiency of the evidence to sustain her aggravated assault convictions and later, in the alternative, that such a challenge lacked merit, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2019. Commonwealth v. Smith, 215 A.3d 969 (Table).

On June 6, 2019, Appellant filed the instant PCRA petition, her first. Following a hearing, the PCRA court denied Appellant's petition in its Order entered on January 31, 2020. Appellant timely appealed, and in her brief she presents the following questions for our review:

> 1. WHETHER THE FAYETTE COUNTY PUBLIC DEFENDER'S OFFICE WAS INEFFECTIVE FOR FAILING TO CHALLENGE ON APPEAL THE BLOOD TEST PERFORMED ON APPELLANT?
>
> 2. WHETHER THE FAYETTE COUNTY PUBLIC DEFENDER'S OFFICE WAS INEFFECTIVE FOR FAILING TO FULLY DISCUSS THE CASE WITH APPELLANT PRIOR TO TRIAL?

Brief for Appellant at 3.

Our standard of review of Appellant's challenges to trial counsel's advocacy is well-settled. In reviewing claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. Commonwealth v. Becker, 192 A.3d 106, 112 (Pa.Super. 2018). In order to prove ineffective assistance of counsel, a petitioner must plead and prove (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. Id. (citation omitted). The petitioner must plead and prove all three prongs, and the failure to establish any one prong warrants denial of petitioner's ineffectiveness claim. Id. Counsel cannot be found to be ineffective for failing to raise a claim that is devoid of merit. Commonwealth v. Ligons, 971 A.2d 1125, 1146 (Pa. 2009).

In support of her issues raised on appeal, Appellant generally avers that:

During the PCRA Hearing. Appellant testified that prior to trial she met with: Mary Spegar, Esq. another Assistant Public Defender for a couple of minutes; with Jeffrey Whiteko, Esq., the Public Defender, for about fifteen (15) minutes; and she met with her trial counsel, Attorney Clark, for only about fifteen (15) minutes. PCRA Proceedings at 10-14. Appellant specifically testified that Attorney Clark did not give her the time to fully discuss the case with him. PCRA Proceedings at 11. Attorney Clark testified that he called Appellant the week before the trial, and met with her for about an hour on the day her trial began. PCRA Proceedings at 21-22. In addition, Attorney Clark admitted: that he objected to the admission of the blood test; that the Court overruled his objection; that he believed that his objection had

merit; and that his Office did not raise this issue on appeal. PCRA proceedings at 24.

Brief for Appellant at 5. Specifically with regard to her first claim, Appellant reasons as follows:

> Appellant's PCRA claim has arguable merit, because the Commonwealth cannot show that Appellant's consent was the product of an essentially free and unconstrained choice. To this end, Appellant's level of intoxication and her psychiatric problems at the time of the blood draw would have inhibited her ability to understand her right to refuse to consent. In fact, Attorney Clark himself acknowledged this fact when he admitted that he believed that his objection in regards to the voluntariness of Appellant's blood draw had merit. The Fayette County Public Defender's Office has no reasonable basis for failing to raise this issue on appeal. Appellant was prejudiced by the Public Defender's Office's ineffectiveness, because she was denied the opportunity to raise this meritorious issue on appeal. Therefore, the PCRA Court erred by failing to grant Appellant's Petition on this issue, and Appellant should have her right to appeal reinstated or be granted a new trial.

Brief for Appellant at 11.

The fact that trial counsel believed he had raised a meritorious objection at trial does not lead to the conclusion that he was ineffective for choosing not to challenge the trial court's overruling of that objection on direct appeal. Indeed, even assuming this claim has arguable merit, Appellant presented no testimony at the PCRA hearing to show a challenge to her consent for the blood draw would have been meritorious on direct appeal. Even if it were, there was still ample evidence to support Appellant's DUI conviction. This is especially so considering Appellant's admission at trial that she had consumed various types of alcoholic beverages before she drove her vehicle to the

victims' home and that she was "out of her mind" at the time. Accordingly, Appellant has failed to establish prejudice, and the PCRA court properly denied this claim. Commonwealth v. Freeland, 106 A.3d 768, 775 (Pa.Super. 2014) ("Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test").

Next, Appellant asserts that trial counsel had not spent sufficient time consulting with her to prepare an adequate defense. However, counsel will not be deemed per se ineffective merely because of the alleged short amount of time he or she has met with his or her client, for the time counsel actually spends with the accused discussing the case is not necessarily related to, and affords no basis for inferring, the extent of total trial preparation. "[T]he governing standard requires a defendant to establish that he was prejudiced by trial counsel's failure to meet with him in order to prepare adequately for trial. This can be demonstrated by alleging beneficial information or issues that counsel should have presented had he been prepared adequately, which would have changed the outcome of the trial." Commonwealth v. Elliott, 622 Pa. 236, 263, 80 A.3d 415, 432 (2013).

Herein, Appellant baldly claims that a one hour, face-to-face, conversation could not have provided counsel with enough time in which to plan a trial strategy for the aggravated assault charges; therefore, he was unprepared for trial. Brief for Appellant at 13-14. However, this general

allegation fails to establish that any additional time spent with counsel could have changed the outcome of Appellant's trial.

Moreover, the trial court credited counsel's testimony over that of Appellant pertaining to the time the pair consulted in preparation of trial. Trial Court Opinion, 4/14/20, at 4 (unnumbered). Our Supreme Court has held that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." Commonwealth v. Spotz, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). As Appellant acknowledges, counsel testified he had contacted Appellant via telephone a week prior to trial and met with her in person for an hour prior thereto. As such, Appellant had numerous days in which to prepare Appellants defense, not just a few minutes. Accordingly, we find no error in the PCRA court's determination that this claim lacks arguable merit and, therefore, it, too, must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2020